ROB BONTA, State Bar No. 202668
Attorney General of California
ANYA M. BINSACCA, State Bar No. 189613
STEVE DIEHL, State Bar No. 235250
Supervising Deputy Attorney General
MEGAN O'CARROLL, State Bar No. 215479
KRISTIN A. LISKA, State Bar No. 315994
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3916
 Fax:  (415) 703-5480
 E-mail:  megan.ocarroll@doj.ca.gov
          Kristin.Liska@doj.ca.gov
*Attorneys for Defendants*

LAURA B. POWELL (CA Bar 240853)
2120 Contra Costa Blvd. #1046
Pleasant Hill, CA 94523
Telephone: (510) 457-1042
laura@laurabpowell.com
*Local Counsel*
GREGORY DOLIN (admitted *pro hac vice*)
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
Gregory.Dolin@ncla.legal
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRACY HØEG, M.D., Ph.D., RAM DURISETI, M.D., Ph.D., AARON KHERIATY, M.D., PETE MAZOLEWSKI, M.D., and AZADEH KHATIBI, M.D., M.S., M.P.H.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, Governor of the State of California, in his official capacity; KRISTINA LAWSON President of the Medical Board of California, in her official capacity; RANDY HAWKINS, M.D., Vice President of the** | 2:22-cv-01980-WBS-AC<br><br>**JOINT STATUS REPORT AND [PROPOSED] ORDER FOLLOWING APRIL 11, 2023 ORDER**<br><br><br>The Honorable William B. Shubb |

1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | **Medical Board of California, in his official capacity; LAURIE ROSE LUBIANO, Secretary of the Medical Board of California, in her official capacity; MICHELLE ANNE BHOLAT, M.D., M.P.H., DAVID E. RYU, RYAN BROOKS, JAMES M. HEALZER, M.D., ASIF MAHMOOD, M.D., NICOLE A. JEONG, RICHARD E. THORP, M.D., VELING TSAI, M.D., and ESERICK WATKINS, members of the Medical Board of California, in their official capacities; and ROB BONTA, Attorney General of California, in his official capacity,**<br><br>                                                  Defendants. |

Pursuant to this Court's April 11, 2023 Order, and Federal Rules of Civil Procedure 16 and 26(f), and Local Rule 240, the parties submit the following report, by and through their respective counsel of record:

I.     **STATEMENT OF THE CASE**

This case is a challenge to AB 2098, § 2(a) (codified at Cal. Bus. & Prof. Code § 2270), which provides that "[i]t shall constitute unprofessional conduct for a physician and surgeon to disseminate misinformation or disinformation related to COVID-19." Plaintiffs are five physicians licensed by the Medical Board of California ("Medical Board"). Defendants are Governor Newsom, Attorney General Rob Bonta, and the members of the Medical Board, who are sued in their official capacities.

Plaintiffs seek nominal, declaratory, and injunctive relief. They contend that AB 2098 violates their First Amendment rights to express their opinions to patients as to the appropriate care and treatment for COVID-19.[1] They also contend that AB 2098 is void for vagueness under the Fourteenth Amendment.

Defendants contend that the statute is a reasonable exercise of the state's authority to regulate and license physician practice for the safety of patients and the public. They contend that this statute ensures physicians will not fall below the standard of care when relaying treatment and advice to patients, and therefore comports with constitutional protections.

---

[1] One of the Plaintiffs is also a patient, who alleges that the statute further violates her rights to receive information from her physicians.

2

On January 25, 2023, the Court issued a preliminary injunction on the grounds that the statute is unconstitutionally vague under the Fourteenth Amendment. (ECF No. 35.) The Court enjoined Defendants from enforcing the statute toward the Plaintiffs pending resolution of the action.

All Defendants named in the Complaint have been served and have appeared through counsel. Defendants have not yet responded to the Complaint. Based on stipulation by the parties, the Court ordered that Defendants' response to the Complaint shall be due 30 days after the Ninth Circuit issues its mandate in the pending consolidated appeals, *McDonald, et al. v. Lawson, et al.*, Appeal No. 22-56200, and *Couris, et al. v. Lawson, et al.*, Appeal No. 23-55069 ("Consolidated Appeals"). (ECF No. 41.)

**II.     JURISDICTION**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the United States Constitution.

**III.    NEED FOR 3-JUDGE PANEL**

This case does not require convening a 3-Judge panel under 28 U.S.C. § 2284.

**IV.    JOINDER AND AMENDMENT**

The parties propose that the last day to amend the pleadings or add parties be September 1, 2023.

**V.     MOTIONS**

In order to provide the greatest likelihood that summary judgment proceedings will be informed by the Ninth Circuit's Decision in the consolidated appeals of *McDonald* and *Couris*, this Court has ordered that no dispositive motions shall be noticed for hearing on a date prior to January 1, 2024. (ECF No. 45.)

At this time, the parties do not know what issues may be determined by motion *in limine*.

The parties propose the following schedule regarding cross-motions for summary judgment:

  Hearing Date: Jan. 8, 2024

  Plaintiffs' motion for summary judgment shall be due by October 2, 2023;

Defendants' consolidated[2] combined cross-motion for summary judgment and opposition shall be due by November 2, 2023;

Plaintiffs' combined reply and opposition to cross-motion for summary judgment shall be due by December 4, 2023; and

Defendants' consolidated reply in support of cross-motion for summary judgment shall be due by December 18, 2023.

## VI. PROPRIETY OF INITIAL DISCLOSURES

The parties have not yet commenced discovery. While this case does not fall under the category of cases explicitly exempted from initial disclosure requirements under Federal Rule of Civil Procedure 26, it is nonetheless a facial challenge to a statute and therefore presents a pure question of law. Consequently, the parties are in agreement that discovery is not required for this case at this time.

## VII. AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE

The parties stipulate that the main evidence necessary for this case will be the legislative history of AB 2098.

## VIII. ADMISSIONS AND STIPULATIONS OF EVIDENCE

The parties stipulate to the introduction of the legislative history of AB 2098 at trial, should this matter proceed to trial.

## IX. FURTHER PROCEEDINGS

The Court has ordered that dispositive motions may not be noticed for hearing until after January 1, 2024. The parties believe that this matter will likely be resolved by summary judgment without need for a trial of issues. Thus, the parties recommend that the Court refrain from setting any further dates aside from summary judgment briefing pending ruling on the forthcoming motions for summary judgment.

If the Court is inclined to set dates at this time, however, the parties agree to the following: The parties propose a settlement conference deadline of **September 30, 2024**. The parties

---

[2] Defendants propose to file consolidated briefs for the *Hoeg* and *Hoang* cases, which were deemed related by Order of this Court.

4

propose that the final pretrial conference take place on **October 10, 2024**, and that trial be set in **November 2024**. Plaintiffs intend to move to consolidate this matter with the related *Hoang* matter, Case No. 2:22-cv-02147-WBS-AC, for purposes of any trial. The parties estimate that trial will take 7 to 10 court days to complete.

X. **COMPLEXITY**

The parties agree that this is not a complex case and therefore is not subject to the Manual for Complex Litigation.

XI. **NEED FOR SEPARATE TRIAL OF ISSUES**

The parties do not require a separate trial of issues.

XII. **NEED FOR EVIDENCE FOR DIRECTED VERDICT**

Not applicable.

XIII. **SPECIAL PROCEEDINGS**

This matter is a pure legal issue, and therefore, not a complex case or one requiring a Special Master or other proceedings to manage voluminous evidence.

XIV. **SETTLEMENT**

The parties do not believe that it would be fruitful to engage in settlement proceedings at this time. However, settlement proceedings may be fruitful depending on the Ninth Circuit's ruling in the Consolidated Appeals.

XV. **ADR**

The parties do not believe that alternative dispute resolution would be helpful in this matter because the issue is one of law, rather than fact, and therefore, it is unlikely that any party will be amenable to resolution short of determining the constitutionality of AB 2098.

XVI. **OTHER ISSUES**

None.

| | |
|---|---|
| Dated: April 21, 2023 | Respectfully Submitted, |
| | ROB BONTA<br>Attorney General of California<br>ANYA M. BINSACCA<br>STEVE DIEHL<br>Supervising Deputy Attorneys General<br>MEGAN O'CARROLL<br>KRISTIN A. LISKA |

/s/
_____
Deputy Attorneys General
*Attorneys for Defendants*

Dated: April 21, 2023                              Respectfully Submitted,

/s/
_____
(as authorized by email on 4/21/2023)
LAURA POWELL

GREGORY DOLIN (*Pro Hac Vice*)
New Civil Liberties Alliance
*Attorneys for Plaintiffs*

   The above JOINT STATUS REPORT & PROPOSED ORDER is for this case and all parties shall comply with its provisions.

   Other Orders: _____

_____

IT IS SO ORDERED.

Dated:                                    _____
                                          WILLIAM B. SHUBB
                                          U.S. DISTRICT COURT JUDGE

# CERTIFICATE OF SERVICE

| Case Name: | **Hoeg, Tracy M.D., et al. v. Newsom, et al. (Civil-Federal)** | No. | **2:22-cv-01980-WBS-AC** |
|---|---|---|---|

I hereby certify that on <u>April 24, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT STATUS REPORT AND [PROPOSED] ORDER FOLLOWING APRIL 11, 2023 ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 24, 2023</u>, at Los Angeles, California.

| Diana Montufar | *Diana Montufar* |
|---|---|
| Declarant | Signature |

SA2022304826
65895835.docx