ROB BONTA
Attorney General of California
STEVE DIEHL, State Bar No. 235250
ANYA M. BINSACCA, State Bar No. 189613
Supervising Deputy Attorneys General
MEGAN O'CARROLL, State Bar No. 215479
KRISTIN A. LISKA, State Bar No. 315994
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3916
  Fax:  (415) 703-5480
  E-mail:  Kristin.Liska@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **TRACY HØEG, M.D., Ph.D., RAM DURISETI, M.D., Ph.D., AARON KHERIATY, M.D., PETE MAZOLEWSKI, M.D., and AZADEH KHATIBI, M.D., M.S., M.P.H.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, Governor of the State of California, in his official capacity; KRISTINA LAWSON, President of the Medical Board of California, in her official capacity; RANDY HAWKINS, M.D., Vice President of the Medical Board of California, in his official capacity; LAURIE ROSE LUBIANO, Secretary of the Medical Board of California, in her official capacity; MICHELLE ANNE BHOLAT, M.D., M.P.H., DAVID E. RYU, RYAN BROOKS, JAMES M. HEALZER, M.D., ASIF MAHMOOD, M.D., NICOLE A. JEONG, RICHARD E. THORP, M.D., VELING TSAI, M.D., and ESERICK WATKINS, members of the Medical Board of California, in their official capacities; and ROB BONTA, Attorney General of California, in his official capacity,**<br><br>Defendants. | Case No. 2:22-cv-01980-WBS-AC<br><br>**DEFENDANTS' BRIEF ON MOOTNESS IN RESPONSE TO NOVEMBER 1 ORDER**<br><br>Date:          December 18, 2023<br>Time:          1:30 p.m.<br>Dept:          5<br>Judge:         The Honorable William B. Shubb<br>Trial Date:    Not scheduled<br>Action Filed:  11/01/2022 |

1

## TABLE OF CONTENTS

2

**Page**

3    Background ........................................................................................................................ 1

4    Legal Standard .................................................................................................................. 2

5    Argument ........................................................................................................................... 3

     Conclusion ......................................................................................................................... 5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Page**

3

CASES

4

*Already, LLC v. Nike, Inc.*
    568 U.S. 85 (2013) ............................................................................................ 2

5

6

*American Cargo Transp., Inc. v. United States*
    625 F.3d 1176 (9th Cir. 2010)...................................................................... 2, 3, 4

7

*Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*
    941 F.3d 1195 (9th Cir. 2019) (en banc)......................................................... 3, 4

8

9

*Bourquez v. Superior Court*
    156 Cal. App. 4th 1275 (2007)............................................................................ 3

10

*Hoeg v. Bonta*
    -- F. Supp. 3d. --, 2023 WL 414258 (E.D. Cal. Jan. 25, 2023)........................... 1

11

12

*Lopez v. Candaele*
    630 F.3d 775 (9th Cir. 2010) .............................................................................. 4

13

*Lyons v. City of Los Angeles*
    615 F.2d 1243 (9th Cir. 1980)......................................................................... 3, 4

14

15

*People v. Rossi*
    18 Cal. 3d 295 (1976) ........................................................................................ 3

16

17

*Pitts v. Terrible Herbst, Inc.*
    653 F.3d 1081 (9th Cir. 2011)............................................................................ 2

18

*Protectmarriage.com-Yes on 8 v. Bowen*
    752 F.3d 827 (9th Cir. 2014) .............................................................................. 2

19

20

*Rosebrock v. Mathis*
    745 F.3d 963 (9th Cir. 2014).......................................................................... 3, 4

21

22

STATUTES

23

2023 Cal. Stat., Chapter 294 ("SB 815") .............................................................. *passim*
    § 19.................................................................................................................. 20

24

2022 Cal. Stat., Chapter 938 ("AB 2098")................................................................. 1
    § 2(a) ................................................................................................................. 1

25

26

California Business and Professions Code
    § 2270..................................................................................................... *passim*
    § 2270(a) ............................................................................................................ 1

27

28

# TABLE OF AUTHORITIES
### (continued)

Page

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  Article III.................................................................................................................... 2.
  First Amendment........................................................................................................ 1
  Fourteenth Amendment.............................................................................................. 1

California Constitution
  Article IV, § 8(c) ...................................................................................................... 2

Brief on Mootness in Response to November 1, 2023 Order (2:22-cv-01980-WBS-AC)

1    Defendants submit the following brief in response to this Court's November 11, 2023 order

2    directing briefing on the question of mootness.  At this time, this case is moot because of the

3    Medical Board's declaration, before this Court and others, that it will not enforce the statute

4    challenged in this matter.  Moreover, effective January 1, 2024, the challenged statute will have

5    been repealed, further eliminating any doubts as to this matter's mootness.

6                                            **BACKGROUND**

7    In light of the prior proceedings in this matter, defendants will provide only a brief

8    background here.  Plaintiffs brought suit challenging AB 2098, which provides that "[i]t shall

9    constitute unprofessional conduct for a physician and surgeon to disseminate misinformation or

10   disinformation related to COVID-19, including false or misleading information regarding the

11   nature and risks of the virus, its prevention and treatment; and the development, safety, and

12   effectiveness of COVID-19 vaccines."  2022 Cal. Stat., ch. 938 ("AB 2098"), § 2(a) (codified at

13   Cal. Bus. & Prof. Code § 2270(a)).  The statute took effect on January 1, 2023.

14   In their Complaint, plaintiffs brought suit against California Attorney General Rob Bonta,

15   California Governor Gavin Newsom, and members of the California Medical Board, all in their

16   official capacities.  *See* Compl. ¶¶ 9-11.  Plaintiffs contended that AB 2098 violated the First

17   Amendment and was unduly vague under the Fourteenth Amendment.  *See* Compl. ¶¶ 118-136.

18   They requested a declaratory judgment that AB 2098 violated both constitutional provisions and

19   injunctive relief enjoining the enforcement of AB 2098.  *Id.*, at p. 25.  Plaintiffs also filed a

20   motion seeking a preliminary injunction to enjoin AB 2098.  *See Hoeg v. Bonta*, -- F. Supp. 3d. --,

21   2023 WL 414258, at * 12 (E.D. Cal. Jan. 25, 2023).  This Court granted the motion on January

22   25, 2023, holding that plaintiffs were likely to succeed in their due process challenge to AB 2098

23   and enjoining enforcement of AB 2098 as to plaintiffs here and in the related *Hoang* case.  *See id.*

24   Since the Court ruled on the preliminary injunction motion, the factual situation has shifted.

25   In September 2023, the Legislature passed and the Governor signed SB 815.  *See* 2023 Cal. Stat.,

26   ch. 294 ("SB 815").  Among other provisions, SB 815 repeals California Business and

27

28

                                                    1

1   Professions Code section 2270, removing it from state law.  *Id.* § 19.[1]  SB 815 takes effect on

2   January 1, 2024.  *See* Cal. Const., art. IV, § 8(c).  Meanwhile, the Medical Board has declared,

3   under penalty of perjury, that it will no longer enforce section 2270, in line with the legislative

4   intent expressed by its repeal.  *See generally* Ex. A, Decl. of Reji Varghese, as filed in *McDonald*

5   *v. Lawson* and *Couris v. Lawson*, Nos. 22-56220 & 23-55069 (9th Cir.).

6       In light of these intervening circumstances, this Court issued an order on November 1, 2023

7   directing briefing on mootness and setting a hearing on the issue for December 18, 2023.

8   Defendants submit this brief in response to that order.

9                                         **LEGAL STANDARD**

10      The mootness doctrine, drawn from the case-or-controversy requirement of Article III,

11  "requires that an actual, ongoing controversy exist at all stages of federal court proceedings."

12  *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011).  "This means that, at all stages

13  of the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable

14  to the defendant that is likely to be redressed by a favorable judicial decision."

15  *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) (cleaned up).  "No

16  matter how vehemently the parties continue to dispute the lawfulness of the conduct that

17  precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual

18  controversy about the plaintiffs' particular legal rights.'"  *Already, LLC v. Nike, Inc.*, 568 U.S. 85,

19  91 (2013) (citation omitted).

20      One situation that can result in mootness is defendant's cessation of the challenged activity.

21  Although "[c]ourts are understandably reluctant to declare a case moot based on the defendant's

22  voluntary cessation of the challenged activity," *American Cargo Transp., Inc. v. United States*,

23  625 F.3d 1176, 1179 (9th Cir. 2010), "[t]he government's change of policy presents a special

24  circumstance in the world of mootness," *id.* at 1180.  Courts "presume the government is acting in

25  good faith" when it changes its policy.  *Id.*  And the Ninth Circuit has recognized repeatedly that

26  the government's change in position can moot a challenge to government action.  *See, e.g.*,

27  _____

28      [1] The full text of SB 815 can be found online at
    https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202320240SB815.

1   *Rosebrock v. Mathis*, 745 F.3d 963, 974 (9th Cir. 2014) (email affirming agency position

2   consistent with plaintiff's interpretation mooted injunctive relief claim); *American Cargo*, 625

3   F.3d at 1179-1180 (federal agency's adoption of plaintiff's interpretation of statute mooted

4   injunctive relief claim); *Lyons v. City of Los Angeles*, 615 F.2d 1243, 1245-1246 & n.4 (9th Cir.

5   1980) (City Attorney's announcement of new official policy mooted claims).  In such situations,

6   the Ninth Circuit has held the agency's adoption of a position aligned with that of the plaintiff

7   mooted the plaintiff's prospective relief claims because there was no longer "a strong possibility

8   of a recurrence of the behavior of which the [plaintiff] complains." *Lyons*, 615 F.2d at 1245 n.4.

9        Moreover, case law is clear that the repeal of a statute moots a challenge to that statute.

10  *E.g., Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir.

11  2019) (en banc).  As the Ninth Circuit has explained, "the repeal, amendment, or expiration of

12  legislation will render an action challenging the legislation moot, unless there is a reasonable

13  expectation that the legislative body will reenact the challenged provision or one similar to it."

14  *Id.*  In cases involving repeal, the party asserting that a case is *not* moot bears the burden of

15  showing "such a reasonable expectation exists . . . in the record . . . rather than on speculation

16  alone." *Id.*

17                                    **ARGUMENT**

18       Intervening events have overtaken this case, rendering it moot.  Even if this matter is not

19  currently moot—which Defendants contend that it is—it will clearly be moot on January 1, 2024

20  when SB 815 inevitably takes effect.  Obviously, once SB 815 takes effect on January 1, plaintiffs

21  can have no reasonable fear of enforcement under the repealed statute going forward.  Nor is

22  there any argument that plaintiffs could still face discipline for any actions taken prior to the

23  repeal.  "Where the government's authority to act rests solely on a statutory basis, the repeal of

24  the statute without a savings clause will terminate all pending actions." *Bourquez v. Superior*

25  *Court*, 156 Cal. App. 4th 1275, 1280 (2007); *cf., e.g.*, *People v. Rossi*, 18 Cal. 3d 295, 301-302

26  (1976) (repeal of criminal statute terminates criminal liability for conduct that occurs prior to

27  repeal).  Finally, plaintiffs cannot point to any basis to conclude that the California Legislature

28  has tangible plans to reenact section 2270 or a similar provision—as necessary for plaintiffs to

1  demonstrate that section 2270's repeal does *not* moot this case. *See Bd. of Trustees of Glazing*

2  *Health*, 941 F.3d at 1999. Unlike where mootness hinges on some future action, here there are no

3  contingencies that need to be cleared: SB 815 will take effect automatically on January 1, 2024,

4  repealing the only law that plaintiffs challenge and rendering this case inevitably moot.

5  Furthermore, this case is already moot at this time even if SB 815 has not yet taken effect.

6  The Medical Board has stated under penalty of perjury that it will no longer enforce section 2270,

7  consistent with the legislative intent expressed by SB 815's repeal of that section, including no

8  longer referring or directing their agents to investigate allegations of violations of section 2270 or

9  disciplining physicians whose conduct violates section 2270. *See generally* Ex. A, Decl. of Reji

10  Varghese. Plaintiffs thus do not face the "credible threat of prosecution" under section 2270 that

11  would be necessary to support injunctive relief. *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir.

12  2010) (citation omitted). Indeed, here, the case for mootness is even stronger than in cases such

13  as *Rosebrock*, *American Cargo*, and *Lyons* where the Ninth Circuit held that an agency's change

14  in position mooted the case. The Medical Board's decision not to enforce section 2270 is not

15  simply an expression of its own preference; it instead serves to align its interim policy with an

16  impending *statutory* requirement. This is, therefore, not a situation where there is a reasonable

17  chance the agency might change its mind later. Rather, the Medical Board will soon lack any

18  authority to change its mind and will have no legal power to enforce section 2270. This is thus

19  hardly a case where an agency's change in position "'could be easily abandoned or altered in the

20  future,'" *Rosebrock*, 745 F.3d at 972 (citation omitted), or that presents concerns about a

21  defendant who has "engaged in gamesmanship" to avoid review, *id.* at 973. Instead, the Medical

22  Board made a reasonable decision not to enforce a statutory provision that it will, in just over one

23  month, have no power to enforce anyway.

24  ///

25  ///

26

27

28

4

1

**CONCLUSION**

2        In light of the Medical Board's decision not to enforce section 2270 during the brief

3    window until its repeal, this case is currently moot.  Moreover, it will clearly be moot on January

4    1, 2024 when SB 815 takes effect and repeals section 2270.

5

6    Dated:  November 27, 2023                    Respectfully submitted,

7                                                ROB BONTA
                                                 Attorney General of California
8                                                STEVE DAHL
                                                 ANYA M. BINSACCA
9                                                Supervising Deputy Attorneys General
                                                 MEGAN O'CARROLL
10                                               Deputy Attorney General

11

12                                               */s/ Kristin Liska*

13                                               KRISTIN A. LISKA
                                                 Deputy Attorney General
14                                               *Attorneys for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**CERTIFICATE OF SERVICE**

Case Name:     ***Hoeg, Tracy, et al. v. Gavin Newsom, et al.***

Case No.     **2:22-cv-01980-WBS-AC**

I hereby certify that on <u>November 27, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS' BRIEF ON MOOTNESS IN RESPONSE TO NOVEMBER 1 ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be electronically accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

Executed on <u>November 27, 2023</u>, at San Francisco, California.

| | |
|---|---|
| <u>Vanessa Jordan</u> | <u>*Vanessa Jordan*</u> |
| Declarant | Signature |

# EXHIBIT A

## DECLARATION OF REJI VARGHESE

I, Reji Varghese, declare:

1.      I am the Executive Director of the Medical Board of California, Department of Consumer Affairs ("Medical Board").  I have held this position since June 23, 2023.  Prior to becoming the Executive Director, I served as the Deputy Director from August 2020 until February 2023, and as the Interim Executive Director from February 2023 until I was sworn in as the Executive Director.  In my official capacity as the Executive Director for the Medical Board, I have personal knowledge of the facts set forth below and if called as a witness, I could and would competently testify to them.

2.      As the Executive Director for the Medical Board, I have a wide variety of roles and responsibilities, which include, but are not limited to, carrying out the policies of the Medical Board of the State of California and for planning, organizing and directing the activities of the Medical Board in the areas of Administration, Licensing, Enforcement and Education.  The Executive Director maintains and enforces the overall policies established by the Medical Board of California relating to its programs as authorized by California Business and Professions Code sections 2000, et. seq.; oversees the development, implementation and evaluation of the full range of Medical Board policies, procedures and functions; and implements all actions and

1

decisions approved by the Medical Board of the State of California.  In my official capacity, I am responsible for approving and signing accusations that are filed against physicians licensed in California.  The accusation is the pleading seeking formal discipline against a physician that specifies the statutes and rules the physician is alleged to have violated.  (Cal. Gov. Code § 11503(a).)  I also have authority to make instructions that govern the Medical Board employees' execution of acts that further the Medical Board's enforcement authority.

3.      On September 14, 2023, the California Legislature passed Senate Bill 815.  The Governor signed the bill on September 30, 2023.  The bill has been enrolled at 2023 California Statutes, chapter 294.  The legislative history and text of the bill can be found online at https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202320240SB815 (as of October 30, 2023).

4.      Medical Board employees and agents, including investigators who investigate matters on behalf of the Medical Board, have been instructed not to enforce Business and Professions Code section 2270, and will not be enforcing section 2270 through January 1, 2024.  After that,

section 2270 will no longer be a law of the State of California, and the

Medical Board will have no legal authority to enforce it.

I declare under penalty of perjury under the laws of the State of

California that the foregoing is true and correct.

Executed this 31 day of October, 2023, at Sacramento, California.

Dated:  October 31, 2023

*Reji Varghese*

Reji Varghese, Executive Director of
the Medical Board of California