UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TRACY HØEG, M.D., Ph.D.; RAM DURISETI, M.D., Ph.D.; AARON KHERIATY, M.D.; PETE MAZOLEWSKI, M.D.; and AZADEH KHATIBI, M.D., M.S., M.P.H., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, Governor of the State of California, in his official capacity; KRISTINA LAWSON, President of the Medical Board of California, in her official capacity; RANDY HAWKINS, M.D., Vice President of the Medical Board of California, in his official capacity; LAURIE ROSE LUBIANO, Secretary of the Medical Board of California, in her official capacity; MICHELLE ANNE BHOLAT, M.D., M.P.H., DAVID E. RYU, RYAN BROOKS, JAMES M. HEALZER, M.D., ASIF MAHMOOD, M.D., NICOLE A. JEONG, RICHARD E. THORP, M.D., VELING TSAI, M.D., and ESERICK WATKINS, members of the Medical Board of California, in their official capacities; and ROB BONTA, Attorney General of California, | No. 2:22-cv-01980 WBS AC <br><br><br> ORDER |

1

| | |
|---|---|
| in his official capacity;<br><br>          Defendants. | |
| LETRINH HOANG, D.O.; PHYSICIANS FOR INFORMED CONSENT, a not-for profit organization; and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, a California Nonprofit Corporation;<br><br>          Plaintiffs,<br><br>   v.<br><br>ROB BONTA, in his official capacity as Attorney General of California; and ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California;<br><br>          Defendants. | No. 2:22-cv-02147 WBS AC |

----oo0oo----

        Plaintiffs brought these now-related § 1983 actions challenging the constitutionality of California Business & Professions Code § 2270. The court preliminarily enjoined enforcement of § 2270 against all plaintiffs on January 25, 2023. The California Legislature subsequently repealed § 2270, effective January 1, 2024. See Cal. Senate Bill 815 (Sept. 30, 2023).

        The court previously requested supplemental briefing on the issue of whether the repeal of § 2270 moots these actions. Upon further reflection, and after consultation with counsel at the hearing on December 18, 2023, the court is disinclined to decide and act on the mootness issue in the absence of a

2

1 dispositive motion raising it.

2 The court's scheduling order dated May 12, 2023 set a pretrial briefing schedule, with plaintiffs' motion(s) for summary judgment due October 2, 2023 and the hearing on any summary judgment motions set no earlier than January 2, 2024. (See Høeg Docket No. 47; Hoang Docket No. 41.) In light of the repeal of the challenged statute, the Hoang plaintiffs and defendants requested that the court modify the pretrial briefing schedule.

3 The court will grant this request and modify the scheduling order as follows.

4 By December 29, 2023, the parties in both actions shall submit joint status reports proposing an updated dispositive motion briefing and hearing schedule. If the parties wish to propose updated discovery and/or trial dates, they may, but are not required to do so.

5 The Høeg plaintiffs may, if they choose, withdraw their pending Motion for Summary Judgment (Høeg Docket No. 48), currently set for January 8, 2024, and file a new motion in compliance with the updated scheduling order.

IT IS SO ORDERED.

Dated: December 21, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3