1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   ANYA M. BINSACCA, State Bar No. 189613
    STEVE DIEHL, State Bar No. 235250
3   Supervising Deputy Attorneys General
    MEGAN O'CARROLL, State Bar No. 215479
4   KRISTIN A. LISKA, State Bar No. 315994
    Deputy Attorney General
5    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
6    Telephone: (415) 510-3916
     Fax: (415) 703-5480
7    E-mail: Kristin.Liska@doj.ca.gov
    *Attorneys for Defendants*

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10                                  SACRAMENTO DIVISION

11

12
    **TRACY HØEG, M.D., Ph.D., RAM**            Case No. 2:22-cv-01980-WBS-AC
13  **DURISETI, M.D., Ph.D., AARON**
    **KHERIATY, M.D., PETE MAZOLEWSKI,**
14  **M.D., and AZADEH KHATIBI, M.D., M.S.,**
    **M.P.H.,**                                 **REPLY IN SUPPORT OF MOTION TO**
15                                              **DISMISS**
                                Plaintiffs,
16                                              Date:        April 1, 2024
             v.                                 Time:        1:30 p.m.
17                                              Dept:        5
    **GAVIN NEWSOM, Governor of the State**     Judge:       The Honorable William B.
18  **of California, in his official capacity;**              Shubb
    **KRISTINA LAWSON, President of the**        Trial Date:  Not scheduled
19  **Medical Board of California, in her official**  Action Filed: 11/01/2022
    **capacity; RANDY HAWKINS, M.D., Vice**
20  **President of the Medical Board of**
    **California, in his official capacity; LAURIE**
21  **ROSE LUBIANO, Secretary of the Medical**
    **Board of California, in her official capacity;**
22  **MICHELLE ANNE BHOLAT, M.D.,**
    **M.P.H., DAVID E. RYU, RYAN BROOKS,**
23  **JAMES M. HEALZER, M.D., ASIF**
    **MAHMOOD, M.D., NICOLE A. JEONG,**
24  **RICHARD E. THORP, M.D., VELING**
    **TSAI, M.D., and ESERICK WATKINS,**
25  **members of the Medical Board of**
    **California, in their official capacities; and**
26  **ROB BONTA, Attorney General of**
    **California, in his official capacity,**
27                              Defendants.

28

**LETRINH HOANG, D.O., PHYSICIANS FOR INFORMED CONSENT, a not-for profit organization, and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, a California Nonprofit Corporation,**

Case No. 2:22-cv-02147-WBS-AC

                              Plaintiffs,

                    **v.**

**ROB BONTA, in his official capacity as Attorney General of California, and ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California ("OMBC"),**

                            Defendants

1

**TABLE OF CONTENTS**

2

**Page**

3    Introduction ........................................................................................................................ 1

4    Argument ........................................................................................................................... 1

I.      Plaintiffs' Injunctive Relief Claims Are Moot.................................................... 1

5
II.     Plaintiffs' Damages Claims Are Barred by Sovereign Immunity........................ 5

6    III.    The Court Should Not Grant Leave to Amend .................................................... 6

7    Conclusion ......................................................................................................................... 9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply in Support of Motion to Dismiss (2:22-cv-01980-WBS-AC; 2:22-cv-02147-WBS-AC)

1

# TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

*Board of Trustees of Glazing Health & Welfare Trust v. Chambers*
5
   941 F.3d 1195 (9th Cir. 2019)....................................................................... 1, 2, 3, 4

6
*City of Mesquite v. Aladdin's Castle, Inc.*
   455 U.S. 283 (1982) ......................................................................................... 3

7

8
*Conant v. Walters*
   306 F.3d 629 (9th Cir. 2003)............................................................................ 8

9
*District of Columbia v. Wesby*
10
   583 U.S. 48 (2018) ........................................................................................ 7, 8

11
*Gresham v. Picker*
   214 F. Supp. 3d 922 (E.D. Cal. 2016).............................................................. 3

12
*Johnson v. Ranch Santiago Community College District*
13
   623 F.3d 1011 (9th Cir. 2010)......................................................................... 5

14
*Jones v. Williams*
   297 F.3d 930 (9th Cir. 2002).......................................................................... 7
15

16
*Lair v. Bullock*
   697 F.3d 1200 (9th Cir. 2012)......................................................................... 3

17
*Leer v. Murphy*
18
   844 F.2d 628 (9th Cir. 1988)........................................................................... 7

19
*LSO, Ltd. v. Stroh*
   205 F.3d 1146 (9th Cir. 2000).......................................................................... 7
20

21
*McDonald v. Lawson*
   -- F.4th --, 2024 WL 854881 (9th Cir. Feb. 29, 2024) ................................. 1, 2, 4, 8

22
*McDonald v. Lawson*
23
   2022 WL 18145254 (C.D. Cal. Dec. 28, 2022) ................................................ 8

24
*Northeastern Florida Chapter of Associated General Contractors of America v.*
   *City of Jacksonville*
25
   508 U.S. 656 (1993)........................................................................................ 3

26
*Rodriguez v. AT&T Mobility Services LLC*
   728 F.3d 975 (9th Cir. 2013)........................................................................... 3
27

28

ii

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Tingley v. Ferguson*
  47 F.4th 1055 (9th Cir. 2022)...................................................................................... 8

*United States v. Corinthian Colleges*
  655 F.3d 984 (9th Cir. 2011)...................................................................................... 6

*West Virginia v. EPA*
  597 U.S. 697 (2022) ............................................................................................... 3, 4

*Ex parte Young*
  209 U.S. 123 (1908) .................................................................................................. 5

**STATUTES**

United States Code, Title 42
  § 1983...................................................................................................................... 7

**CONSTITUTIONAL PROVISIONS**

California Constitution
  Article IV, §§ 8(b), 10(a) ......................................................................................... 4

**COURT RULES**

Federal Rules of Civil Procedure
  Rule 15(a).................................................................................................................. 6

1

**INTRODUCTION**

2       Plaintiffs' claims for injunctive relief are now indisputably moot.  On February 29, 2024,

3   the Ninth Circuit dismissed two appeals in cases challenging AB 2098 on the exact same grounds

4   and remanded with instructions to dismiss the cases as moot.  *See McDonald v. Lawson*,  -- F.4th

5   --, 2024 WL 854881 (9th Cir. Feb. 29, 2024).  The Ninth Circuit held, in a published opinion, that

6   the repeal of AB 2098, combined with a declaration attesting that the Medical Board would not

7   enforce AB 2098 during the interim period before the repeal was effective, had mooted the

8   plaintiffs' claims to injunctive relief.

9       Reading the writing on the wall, plaintiffs in the *Hoang* matter did not formally oppose

10   dismissal of their case—a decision vindicated by the Ninth Circuit's subsequent ruling in

11   *McDonald*.  The plaintiffs in *Høeg*, however, continue to argue that their case is live.  None of

12   their arguments are availing.  As the recent ruling in *McDonald* confirms, the injunctive relief

13   claims in these cases are moot.  The *Høeg* plaintiffs do not dispute that sovereign immunity

14   would bar their nominal damages claims.  Instead, they argue that the defendants waived the

15   defense.  Not so.  Defendants' motion to dismiss is the *first* responsive pleading they have filed in

16   any of the four matters challenging AB 2098—indeed, it is the only substantive filing aside from

17   oppositions to motions for a preliminary injunction.  Thus, defendants have raised the defense in

18   their first responsive pleading to the complaint, and they did so after flagging the defense as one

19   they would assert at the Court's December 18 hearing on mootness.  The defendants have timely

20   raised their defense, and it bars the nominal damages claims here.  Finally, the Court should deny

21   leave to amend because it would be futile.  AB 2098 has now been put to rest, and it is finally

22   time for these cases to be as well.

23

**ARGUMENT**

24   **I.    PLAINTIFFS' INJUNCTIVE RELIEF CLAIMS ARE MOOT**

25       As defendants explained in their motion to dismiss, the Ninth Circuit has held that the

26   repeal of a statute creates a presumption of mootness, shifting the burden to plaintiffs to show that

27   a case remains live.  *See Board of Trustees of Glazing Health & Welfare Trust v. Chambers*, 941

28

1

1    F.3d 1195, 1199 (9th Cir. 2019) (en banc).  Plaintiffs must show "a reasonable expectation that

2    the legislative body will reenact the challenged provision or one similar to it" to rebut that

3    presumption.  *Id.*  The Ninth Circuit reiterated that this is the appropriate legal framework to

4    apply here in the *McDonald* ruling: "California's repeal of AB 2098 triggers the presumption of

5    mootness."  2024 WL 854881, at *4.  And since plaintiffs "do not contend that 'there is a

6    reasonable expectation'" that California "will reenact [AB 2098] or [legislation] similar to it, nor

7    do they point to anything in the record so indicating," their injunctive relief claims are moot.  *Id.*

8    (quoting *Glazing Health*, 941 F.3d at 1199) (alterations in original).  That is the end of the story.

9         The *Høeg* plaintiffs, however, contend that "not all repeals are created equal," and that

10   "where the action to repeal a statute is taken in bad faith and/or where it is not 'absolutely clear

11   that the alleged wrongful behavior could not reasonably be expected to recur,'" a case remains

12   live.  Opp'n at 3.  This argument is wrong on two fronts.  First, the Ninth Circuit has been clear

13   that courts "treat the voluntary cessation of challenged conduct by government officials with

14   more solicitude."  *McDonald*, 24 WL 854881, at *4 (quoting *Glazing Health*, 941 F.3d at 1198).

15   Courts "should assume that a legislative body is acting in good faith in repealing or amending a

16   challenged legislative provision."  *Glazing Health*, 941 F.3d at 1199.  Plaintiffs point to *nothing*

17   in the record that might rebut that the California Legislature was acting in good faith when it

18   elected to repeal AB 2098:  no statements from legislators, no legislative history material, no

19   executive signing statements, no agency statements, nothing that supports their arguments.

20        Moreover, the entire theory underlying this argument turns on its head the ordinary

21   assumption that the government acts in good faith.  Indeed, while the Legislature could have

22   sought to repeal a statute whose constitutionality was under question to avoid an adverse court

23   judgment (as plaintiffs contend), it equally could have done so *to respect constitutional rights*.

24   The Legislature could well have concluded that it, too, had questions about the constitutionality

25   of AB 2098 in light of the ongoing litigation and that the better course of action was to eliminate

26   the statute out of an abundance of caution to protect Californians' rights.  There is nothing in the

27   record to say that the Legislature's actions were not motivated by a good-faith desire to respect

28

Reply in Support of Motion to Dismiss (2:22-cv-01980-WBS-AC; 2:22-cv-02147-WBS-AC)

1    this Court's conclusions about AB 2098's likely constitutionality—and under binding Ninth

2    Circuit precedent, this Court presumes the Legislature was acting in good faith.

3         Second, the *Høeg* plaintiffs' contentions that "not all repeals are created equal" and that

4    "the *Chambers* rule is not absolute" (Opp'n at 3) are flatly contradicted by the case law.

5    Plaintiffs point to no cases subsequent to *Glazing Health* that do not apply the presumption and

6    burden-shifting framework that case established.  And the cases that they do point to where repeal

7    was insufficient to moot a case involved *reenactment* of the challenged ordinance.  *See* Opp'n at

8    4.  In both *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) and *Northeastern*

9    *Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S.

10   656, 662 (1993), the Supreme Court expressly noted that the case was not moot precisely because

11   the same or a similar statute had been reenacted or likely would be reenacted following the repeal.

12   But that is not the case here; the *Høeg* plaintiffs have nowhere identified a basis to conclude that

13   the Legislature is likely to reenact AB 2098 or a similar statute.[1]

14        Finally, the *Høeg* plaintiffs contend that the *Glazing Health* framework is no longer proper,

15   having been overruled by *West Virginia v. EPA*, 597 U.S. 697 (2022).  Not so.  Decisions of the

16   Ninth Circuit bind this court except for the narrow situation where "their 'reasoning or theory'" is

17   "'clearly irreconcilable' with the reasoning or theory of intervening higher authority."  *Rodriguez*

18   *v. AT&T Mobility Services LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (citation omitted); *see also,*

19   *e.g.*, *Gresham v. Picker*, 214 F. Supp. 3d 922, 930 (E.D. Cal. 2016) (district court is "bound by a

20   prior circuit decision unless that decision is 'clearly irreconcilable with intervening Supreme

21   Court precedent'" (citation omitted)).  This is a "high standard," and it is "not enough for there to

22   be some tension between the intervening higher authority and prior circuit precedent, or for the

23   intervening higher authority to cast doubt on the prior circuit precedent."  *Gresham*, 214 F. Supp.

24   3d at 930-931 (quoting *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012)).

25

26        [1] Plaintiffs point to a statement by a single legislator discussing the Board's ability to
     discipline physicians for unprofessional conduct under separate, distinct statutory authority not at
27   issue in this case.  Opp'n p. 6.  But a statement about what an *agency* might do with its authority
     under other, pre-existing statutes says nothing about whether the *Legislature* might reenact AB
28   2098 or a similar statute.  If anything, the statement suggests a *lack of intent* to reenact AB 2098.

3

1    That standard is not met here, for the decision in *West Virginia* is clearly *reconcilable* with

2    the framework set out in *Glazing Health* and applied to AB 2098 specifically in *McDonald*.  The

3    decision in *West Virginia* involved an agency regulation that had been repealed.  597 U.S. at 719.

4    The agency had not disclaimed any intent to reenact the challenged provisions if it prevailed in

5    the litigation.  *Id.* at 720.  But agency action is different from legislative action.  This is not, as the

6    *Høeg* plaintiffs seem to contend, simply because one involves "the legislative process" and one

7    "executive decree."  Opp'n at 5 n.2.  It is because the legislative process is *categorically different*

8    from the agency rulemaking process.  It hardly bears elaboration to see that notice and comment

9    rulemaking (under either state or federal law) is an entirely different beast than bicameralism and

10   presentment, *see* Cal. Const., art. IV, §§ 8(b), 10(a) (requiring bicameralism and presentment to

11   enact legislation).  Given how much more difficult the passage of legislation is compared to an

12   agency making a rule, it is far more likely that an agency might reenact a rule (particularly where

13   it has not disclaimed authority or intent to do so) than that a legislature might reenact a statute.

14   Moreover, where the agency is the defendant, the ability to reenact the rule lies wholly within its

15   power.  But defendants here—the Governor, Attorney General, and Medical Board officials—

16   have no such ability.  They cannot, unilaterally and of their own accord, reenact AB 2098.  In

17   light of these salient differences, a ruling on mootness of challenges to repealed agency actions is

18   not "clearly irreconcilable" with the existing framework for the mootness of challenges to

19   repealed legislative enactments.

20        For all of these reasons, the *Glazing Health* framework is the proper one to apply here; that

21   is doubly true given that the Ninth Circuit just applied that framework in two cases challenging

22   the exact same statute.  *See McDonald*, 2024 WL 854881, at *4.  Under that framework, there is a

23   presumption of mootness as to plaintiffs' injunctive relief claims.  No plaintiff in any of the four

24   cases challenging AB 2098 has identified any evidence from which to conclude there is a

25   reasonable chance that AB 2098 will be reenacted or a similar statute will be enacted.  The

26   injunctive relief claims in these two cases are therefore moot, as the Ninth Circuit held those in

27   the other two challenges to AB 2098 were.

28

                                                    4

## II.    PLAINTIFFS' DAMAGES CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY

The *Høeg* plaintiffs have raised an additional claim for nominal damages.  Defendants argued in their motion that this claim is barred by sovereign immunity, and the *Høeg* plaintiffs do not dispute that sovereign immunity bars nominal damages claims.  Instead, they contend that defendants have waived their sovereign immunity defense.  Not so.

The State can waive its sovereign immunity defense "through 'conduct that is incompatible with an intent to preserve that immunity.'" *Johnson v. Ranch Santiago Community College District*, 623 F.3d 1011, 1021 (9th Cir. 2010) (citation omitted).  For instance, "state defendants engaged in conduct 'incompatible with' an intent to preserve sovereign immunity when they raised a sovereign immunity defense only belatedly, after extensive proceedings on the merits." *Id.*  The *Høeg* plaintiffs contend that that is the case here, stating that "the State of California has chosen to defend the suit on the merits for over one year now."  Opp'n at 15.

But a closer look at the procedural history in these cases, as well as in the two other challenges to AB 2098, reveals that the state defendants have never acted in a manner inconsistent with the intent to assert sovereign immunity.  Rather, the state defendants raised sovereign immunity as a defense in the first responsive pleading they have filed in any of these cases.  And the state defendants also indicated their intent to use the defense at the December 18 hearing on this Court's November 1, 2023 order directing simultaneous briefing on mootness. Nor did the defendants file any dispositive merits briefing, such as summary judgment pleadings, or engage in merits discovery before raising the defense.  In fact, the only other substantive pleadings that defendants have filed in all four of these cases are oppositions to preliminary injunctions—where the defense of sovereign immunity would have been entirely inapposite since it does not bar injunctive relief enjoining state officials from constitutional violations, *see, e.g.*, *Ex parte Young*, 209 U.S. 123 (1908).  In sum, defendants have raised sovereign immunity as a defense both in their first responsive pleading and in their first discussion of the *Høeg* plaintiff's nominal damages claims.  The *Høeg* plaintiffs cannot reasonably contend they were not on notice that the state defendants meant to assert sovereign immunity as a defense to their nominal damages claims; nor can they reasonably contend that the defense has been waived.

5

1    Consequently, this Court should dismiss the *Høeg* plaintiffs' nominal damages claims as barred

2    by the State's sovereign immunity.

3    **III.    THE COURT SHOULD NOT GRANT LEAVE TO AMEND**

4           Finally, the *Høeg* plaintiffs contend that if the Court dismisses their claims against the state

5    defendants, they should be granted leave to amend the complaint to assert individual capacity

6    claims against the state defendants.  This Court should deny leave to amend.  The *Høeg* plaintiffs

7    cannot establish that good cause exists to continue litigating a case that time has long since passed

8    by.

9           Even if good cause existed, the *Høeg* plaintiffs do not meet the standards of Federal Rule of

10   Civil Procedure 15(a) to amend.  Courts consider "five factors in assessing the propriety of leave

11   to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

12   whether the plaintiff has previously amended the complaint."  *United States v. Corinthian*

13   *Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  Those factors do not weigh in favor of amendment

14   here.  For one, plaintiffs do not provide any reason why they have waited until now to raise the

15   possibility of amendment.  They did not, for instance, seek to amend their complaint when the

16   *Hoang* plaintiffs moved to amend their complaint back in October 2023.  *See Hoang* ECF No. 39.

17   And while they may claim not to have anticipated a sovereign immunity defense until December

18   2023, they certainly had opportunities to raise the possibility of amendment earlier than in their

19   opposition to defendants' motion to dismiss.  In particular, the parties engaged in discussions

20   following the Court's December 21, 2023 Order about the briefing schedule going forward.  *See*

21   *Hoang* ECF No. 48; *Høeg* ECF No. 59 (parties' joint status report in response to December 21,

22   2023 Order).  Plaintiffs were certainly on notice by the time of those discussions that defendants

23   planned to raise a sovereign immunity defense.  Yet the *Høeg* plaintiffs requested that the Court

24   move forward with briefing a motion to dismiss *in tandem with* summary judgment motions.  *See*

25   *id.*  In other words, the *Høeg* plaintiffs themselves previously requested this Court move directly

26   to the merits and summary judgment back in December 2023.  They never even hinted at that

27   time that they might seek leave to amend the complaint.  Had they done so back then, perhaps the

28

6

1    Court and the parties could have avoided this round of briefing and further delay in resolving this

2    case.

3           Moreover, any amendment to substitute in claims against the state defendants in their

4    individual capacities would be futile for two reasons.  First, plaintiff cannot state a plausible claim

5    against the state defendants in their individual capacities.  "In order for a person acting under

6    color of state law to be liable under section 1983 there must be a showing of personal

7    participation in the alleged rights deprivation."  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.

8    2002).  Thus, the plaintiff "must set forth specific facts as to each individual defendant's"

9    participation in the alleged deprivation of rights.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.

10   1988).  Plaintiffs nowhere point to any individual action on the part of any of the defendants in

11   their current complaint that led to their deprivation of rights.  Rather, their allegations of harm

12   flow from the general existence of AB 2098 and the chilling effect of its potential for

13   enforcement—after all, this was a *pre-enforcement challenge*—rather than any specific act of any

14   specific defendant.

15          But even if the *Høeg* plaintiffs had alleged individual actions causing the deprivation of

16   rights, any amendment would still be futile because defendants would be entitled to qualified

17   immunity for their actions.  Qualified immunity protects officers from individual liability "unless

18   (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their

19   conduct was 'clearly established at the time.'"  *District of Columbia v. Wesby*, 583 U.S. 48, 62-63

20   (2018) (citation omitted).  A right is "clearly established" if "at the time of the officer's conduct,

21   the law was 'sufficiently clear' that 'every reasonable official would understand that what he is

22   doing is unlawful.'"  *Id.* at 63 (citation omitted).  "In other words, existing law must have placed

23   the constitutionality of an officer's conduct 'beyond debate.'"  *Id.* (citation omitted).

24          A plaintiff has the burden to show that the right allegedly violated was clearly established at

25   the time of the alleged violation.  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000).  "To be

26   clearly established, a legal principle must have a sufficiently clear foundation in then-existing

27   precedent."  *Wesby*, 583 U.S. at 63.  "The rule must be 'settled law,' which means that it is

28   dictated by 'controlling authority' or 'a robust consensus of cases of persuasive authority.'"  *Id.*

7

1    (citations omitted).  That a rule is "suggested by then-existing precedent" is insufficient; it must

2    "be clear enough that every reasonable official would interpret it to establish the particular rule

3    that plaintiff seeks to apply." *Id.*  Thus, the Supreme Court has "repeatedly stressed that courts

4    must not 'define clearly established law at a high level of generality.'" *Id.* (citation omitted).

5         Plaintiffs cannot establish that the alleged rights violated here were clearly established.

6    With respect to the First Amendment, the Ninth Circuit has held that the First Amendment

7    permits some limitations and restrictions on the speech used by health care professionals, most

8    notably in the recent decision in *Tingley v. Ferguson*, 47 F.4th 1055, 1091 (9th Cir. 2022), *cert.*

9    *denied*, 144 S. Ct. 33 (2023).  Indeed, much of the prior briefing in this matter focused on whether

10   the proper legal framework for this case was that in *Tingley* or that in the Ninth Circuit's decision

11   in *Conant v. Walters*, 306 F.3d 629 (9th Cir. 2003).  That the parties can reasonably debate which

12   Ninth Circuit decision governs potently illustrates that there was no clearly established right with

13   respect to the First Amendment.

14        So, too, with the due process arguments raised.  While plaintiffs may have contended that

15   the statute was vague—and this Court may have agreed with them—their prior briefing has

16   pointed to no case suggesting that the phrases in AB 2098 were clearly unconstitutionally vague.

17   Again, there was much vigorous debate among the parties in this case and in other cases

18   regarding the clarity of the statutory text.  And another federal judge disagreed with this Court's

19   conclusion, holding instead that plaintiffs were *not* likely to prevail on the vagueness argument.

20   *See McDonald v. Lawson*, 2022 WL 18145254, at *9 (C.D. Cal. Dec. 28, 2022), *vacated by*, 2024

21   WL 854881 (9th Cir. Feb. 29, 2024).  This debate and reasonable disagreement makes quite

22   apparent that there was no clearly established right that plaintiffs contended was violated.  Since

23   any individual capacity claims would be barred by qualified immunity, amendment would be

24   futile.

25   ///

26   ///

27

28

8

1

**CONCLUSION**

2      Time has long move past these suits.  The underlying statute that was challenged here has

3  been repealed, that repeal has taken effect, and the Ninth Circuit has already dismissed two cases

4  challenging the same statute on the same grounds as moot.  Yet instead of acknowledging this

5  reality, plaintiffs in the *Høeg* matter seek to extend this litigation yet further, in part by suddenly

6  requesting leave to amend their complaint.  This Court should deny their attempt to prolong this

7  litigation.  Instead, it should finally put these cases to bed by dismissing all claims with prejudice.

8

9  Dated:  March 15, 2024                          Respectfully submitted,

10                                                 ROB BONTA
                                                   Attorney General of California
11                                                 ANYA M. BINSACCA
                                                   STEVE DIEHL
12                                                 Supervising Deputy Attorneys General
                                                   MEGAN O'CARROLL
13                                                 Deputy Attorney General

14

15

                                                   */s/ Kristin Liska*
16                                                 KRISTIN A. LISKA
                                                   Deputy Attorney General
17                                                 *Attorneys for Defendants*

18

19

20

21

22

23

24

25

26

27

28

Reply in Support of Motion to Dismiss (2:22-cv-01980-WBS-AC; 2:22-cv-02147-WBS-AC)

**CERTIFICATE OF SERVICE**

Case Names:    *Hoeg, Tracy, et al. v. Gavin Newsom, et al.*; *Hoang, et al. v. Bonta, et al.*

Case Nos.:    **2:22-cv-01980-WBS-AC; 2:22-cv-02147-WBS-AC**

I hereby certify that on <u>March 15, 2024</u>, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

- **REPLY IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished electronically by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

Executed on <u>March 15, 2024</u>, at San Francisco, California.


Vanessa Jordan                                    *Vanessa Jordan*
Declarant                                              Signature