1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                                 ----oo0oo----

11

12    TRACY HØEG, M.D., Ph.D.; RAM          No. 2:22-cv-01980 WBS AC
      DURISETI, M.D., Ph.D.; AARON
13    KHERIATY, M.D.; PETE
      MAZOLEWSKI, M.D.; and AZADEH
14    KHATIBI, M.D., M.S., M.P.H.,
                                            MEMORANDUM AND ORDER RE:
15              Plaintiffs,                  MOTIONS TO DISMISS

16         v.

17    GAVIN NEWSOM, Governor of the
      State of California, in his
18    official capacity; KRISTINA
      LAWSON, President of the
19    Medical Board of California, in
      her official capacity; RANDY
20    HAWKINS, M.D., Vice President
      of the Medical Board of
21    California, in his official
      capacity; LAURIE ROSE LUBIANO,
22    Secretary of the Medical Board
      of California, in her official
23    capacity; MICHELLE ANNE BHOLAT,
      M.D., M.P.H., DAVID E. RYU,
24    RYAN BROOKS, JAMES M. HEALZER,
      M.D., ASIF MAHMOOD, M.D.,
25    NICOLE A. JEONG, RICHARD E.
      THORP, M.D., VELING TSAI, M.D.,
26    and ESERICK WATKINS, members of
      the Medical Board of
27    California, in their official
      capacities; and ROB BONTA,
28    Attorney General of California,

                                       1

1  in his official capacity;

2          Defendants.

3  _____

4  LETRINH HOANG, D.O.; PHYSICIANS        No. 2:22-cv-02147 WBS AC
   FOR INFORMED CONSENT, a not-for
5  profit organization; and
   CHILDREN'S HEALTH DEFENSE,
6  CALIFORNIA CHAPTER, a
   California Nonprofit
7  Corporation;

8          Plaintiffs,

9      v.

10 ROB BONTA, in his official
   capacity as Attorney General of
11 California; and ERIKA CALDERON,
   in her official capacity as
12 Executive Officer of the
   Osteopathic Medical Board of
13 California;

14          Defendants.

15 _____

16                     ----oo0oo----

17         Plaintiffs brought these now-related § 1983 actions

18 challenging the constitutionality of California Business &

19 Professions Code § 2270, also referred to as Assembly Bill ("AB")

20 2098, which made it "unprofessional conduct" for doctors to

21 "disseminate misinformation or disinformation related to COVID-

22 19."  The court preliminarily enjoined enforcement of AB 2098

23 against the plaintiffs on January 25, 2023.  (Høeg Docket No. 35;

24 Hoang Docket No. 30.)  The California Legislature subsequently

25 repealed AB 2098, effective January 1, 2024.  See Cal. Senate

26 Bill 815 (Sept. 30, 2023).

27         Before the court are defendants' motions to dismiss.

28 (Høeg Docket No. 63; Hoang Docket No. 52.)  The Høeg plaintiffs

                              2

1  oppose dismissal (Høeg Docket No. 65), while the Hoang plaintiffs

2  do not (Hoang Docket Nos. 54-55).

3  I.   Mootness

4          Defendants argue that the repeal of AB 2098 moots the

5  plaintiffs' claims in both actions insofar as they seek

6  declaratory and injunctive relief.  "A private defendant's

7  voluntary cessation of challenged conduct does not necessarily

8  render a case moot because, if the case were dismissed as moot,

9  the defendant would be free to resume the conduct."  Bd. of Tr.

10  of Glazing Health & Welfare Tr. v. Chambers, 941 F.3d 1195, 1198

11  (9th Cir. 2019).  However, in the Ninth Circuit, courts "assume

12  that the repeal, amendment, or expiration of legislation will

13  render an action challenging the legislation moot, unless there

14  is a reasonable expectation that the legislative body will

15  reenact the challenged provision or one similar to it."  Id. at

16  1199.  "The party challenging the presumption of mootness need .

17  . . only [show] that there is a reasonable expectation of

18  reenactment.  But a determination that such a reasonable

19  expectation exists must be founded in the record . . . rather

20  than on speculation alone."  Id.

21          On February 29, 2024, the Ninth Circuit issued an

22  opinion in McDonald v. Lawson, 94 F.4th 864 (9th Cir. 2024), a

23  consolidated appeal involving two cases challenging AB 2098 from

24  the Central and Southern Districts of California.  The Ninth

25  Circuit held that the repeal of AB 2098 mooted the actions and

26  remanded to the district courts with instructions to dismiss the

27  cases.  See id. at 870.

28          As the Ninth Circuit held, "[b]ecause there is no

1   indication that California is reasonably likely to reenact AB

2   2098 or anything substantially similar to it, and because the

3   possibility of California enforcing AB 2098 following its repeal

4   is at best remote, there is no longer an ongoing case or

5   controversy." Id. (internal quotation marks and citation

6   omitted).  In coming to this conclusion, the Ninth Circuit relied

7   upon a statement by the Executive Director of the Medical Board

8   that its employees would not enforce AB 2098 and pointed to the

9   lack of evidence of potential reenactment in the record.  See id.

10  at 869-70.

11      Despite the Ninth Circuit's clear holding that the

12  repeal of AB 2098 moots challenges to that law, the Høeg

13  plaintiffs argue that McDonald does not dictate the same outcome

14  here because they raise arguments that were not before the Ninth

15  Circuit.  But like the McDonald plaintiffs, the plaintiffs here

16  have failed to overcome the presumption of mootness, as they

17  present no allegations or evidence suggesting that the California

18  Legislature might reenact AB 2098 or similar legislation.  See

19  id. at 869-70.

20      The Høeg plaintiffs point to a medical board proceeding

21  allegedly brought against a physician for advising patients not

22  to receive a COVID-19 vaccine as evidence that there is a risk of

23  enforcement or reenactment of AB 2098.  (See Hoang Docket No. 39

24  at 21, ¶ 30.)  This proceeding apparently commenced in June 2023.

25  (See id.)  Yet there is no indication -- and plaintiffs do not

26  argue -- that this disciplinary action was initiated pursuant to

27  AB 2098.  Indeed, plaintiffs' counsel in the Hoang matter has

28  filed a separate action challenging such disciplinary actions as

4

brought under the medical boards' pre-existing statutory authority.  (See <u>Kory v. Bonta</u>, 2:24-cv-1 WBS AC, Docket No. 1.) Further, the actions of administrative agencies like the Medical Board do not provide evidence that the <u>Legislature</u> intends to reenact a similar statute.  The possibility that the Board may discipline doctors for "disseminating misinformation" under preexisting statutory authority (as opposed to a statute brought to reenact the provisions of AB 2098) does not support a challenge to AB 2098.  <u>Cf. Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.</u>, 508 U.S. 656, 662 (1993) (action was not moot where challenged ordinance had been repealed, but city subsequently enacted a similar ordinance).

Plaintiffs also point to a statement allegedly made by Assemblyman Evan Low, a sponsor of AB 2098, that following the repeal of the law, "the Medical Board of California will continue to maintain the authority to hold medical licensees accountable for deviating from the standard of care and misinforming their patients about COVID-19 treatments."  (<u>Høeg</u> Opp'n (Docket No. 65) at 6; <u>Høeg</u> Suppl. Brief (<u>Høeg</u> Docket No. 53) at 8.)  This purported statement does not indicate any legislative intent to reenact AB 2098.  On the contrary, it would appear therefrom that Mr. Low has no intention of reintroducing similar legislation, instead referring to the Medical Board's preexisting statutory authority.  <u>See</u> Cal. Bus. & Prof. Code § 2234(c) ("departure from the applicable standard of care" is a basis for discipline by the Medical Boards).  Potential disciplinary actions brought under § 2234 -- an entirely different statute that predates AB 2098 --

1 cannot sustain a challenge to AB 2098, particularly because the
2 court's prior order showed the peculiar language of AB 2098 to be
3 central to its unconstitutionality.  See Høeg v. Newsom, 652 F.
4 Supp. 3d 1172, 1185-91 (E.D. Cal. 2023).

5        Finally, plaintiffs rely on West Virginia v.
6 Environmental Protection Agency, 597 U.S. 697 (2022).  There, the
7 Supreme Court held that a voluntary decision by the federal
8 Environmental Protection Agency ("EPA") not to enforce a
9 challenged regulation did not moot the case because the EPA had
10 "vigorously defend[ed]" the legality of the challenged regulation
11 and "nowhere suggest[ed] that . . . it w[ould] not reimpose" a
12 similar measure.  See id. at 718-20 (quotation marks omitted).
13 Plaintiffs argue that the instant case is analogous because
14 defendants have never conceded that AB 2098 is unconstitutional.
15 However, West Virginia v. EPA is inapposite (and, contrary to
16 plaintiffs' argument, fully reconcilable with Glazing Health)
17 because it involved administrative agency action, the rulemaking
18 agency responsible for the voluntary cessation was a party to the
19 litigation, and there was evidence that a new regulation was
20 forthcoming.  See id. at 718-20.  Further, here, the only
21 evidence in the record of legislative intent -- the statement
22 from Assemblyman Low, discussed above -- indicates that the
23 Legislature does not intend to reintroduce similar legislation.
24        Accordingly, the court concludes that plaintiffs'
25 claims for declaratory and injunctive relief are moot and must be
26 dismissed.
27 II.  Availability of Damages
28        The court next addresses the viability of plaintiffs'

1  request for nominal damages, which is not mooted by the repeal of

2  AB 2098 to the extent it seeks relief for constitutional

3  violations that occurred while the law was in effect.  See

4  Uzuegbunam v. Preczewski, 141 S. Ct. 792, 797, 801-02 (2021) ("a

5  request for nominal damages satisfies the redressability element

6  of standing where a plaintiff's claim is based on a completed

7  violation of a legal right" and thus presents a live controversy,

8  even where the corresponding claim for injunctive relief is moot

9  due to voluntary cessation); Collins v. Yellen, 141 S. Ct. 1761,

10  1780 (2021) (holding that constitutional claim was not entirely

11  moot following repeal of challenged regulation because plaintiffs

12  sought "retrospective relief").

13        Defendants assert that they are immune from the Høeg

14  plaintiffs' request for nominal damages to the extent they are

15  sued in their official capacity.[1]  The Høeg plaintiffs argue that

16  defendants have waived the sovereign immunity defense by failing

17  to timely raise it.  See In re Bliemeister, 296 F.3d 858, 861

18  (9th Cir. 2002) (sovereign immunity is an "affirmative defense"

19  that "may be forfeited where the state fails to assert it,"

20  either through a "clear declaration that it intends to submit

21  itself to [federal] jurisdiction" or "conduct that is

22  incompatible with an intent to preserve that immunity")

23  (quotation marks omitted).  The court disagrees.

24        The only other motion decided by the court thus far was

25  plaintiffs' motion for preliminary injunction.  Defendants had no

26  reason to raise the issue of immunity from money damages at that

27  _____

28        [1]   The Hoang plaintiffs do not seek damages.  (See Hoang
   Docket No. 1 at 19.)

juncture, as the motion only pertained to injunctive relief, and
raising sovereign immunity would not have disposed of the case.
And defendants have yet to file an answer to the complaint
(pursuant to the parties' stipulation, see Høeg Docket No. 41).
Defendants therefore have timely raised the sovereign immunity
defense, as the instant motion is the first pleading filed by
defendants in which it would be appropriate to raise the
sovereign immunity defense.[2]  See Aholelei v. Dep't of Pub.
Safety, 488 F.3d 1144, 1148 (9th Cir. 2007) (state did not
forfeit sovereign immunity defense where it raised it at first
opportunity, in answer to complaint, and did not cause any
delay); cf. In re Bliemeister, 296 F.3d at 862 (state forfeited
sovereign immunity defense by failing to assert it in motion for
summary judgment).

    As the Høeg plaintiffs appear to concede, damages are
not available from state officials sued in their official
capacity under § 1983.  See Hafer v. Melo, 502 U.S. 21, 22-23
(1991) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58,
71 (1989)) ("state officials 'acting in their official
capacities' are outside the class of 'persons' subject to
liability under . . . § 1983"); Platt v. Moore, 15 F.4th 895, 910
(9th Cir. 2021) (quoting Kentucky v. Graham, 473 U.S. 159, 166-69

---

[2]    The court also sua sponte requested briefing on the
issue of mootness stemming from the repeal of AB 2098, though
later decided to defer the issue pending the filing of a
dispositive motion raising the issue.  (See Høeg Docket Nos. 49,
58.)  Defendants would have had no reason to raise the issue of
immunity from money damages in response to that order, yet did
raise the issue when damages were brought up during oral argument
on that briefing.

1     (1985)) ("'absent waiver by the State or valid congressional

2     override,' state sovereign immunity protects state officer

3     defendants sued in federal court in their official capacities

4     from liability in damages, including nominal damages").

5          Plaintiffs argue that they can nonetheless maintain a

6     claim for nominal damages against defendants in their individual

7     capacity.  A claim for money damages against a state official in

8     his individual capacity must allege "conduct fairly attributable

9     to the officer himself."  See Alden v. Maine, 527 U.S. 706, 757

10    (1999); see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

11    2002) ("[i]n order for a person acting under color of state law

12    to be liable under section 1983 there must be a showing of

13    personal participation in the alleged rights deprivation").

14    Here, there is no indication that AB 2098 was ever enforced.

15    There is therefore no basis to sue any of the Medical Board

16    defendants or the Attorney General in their individual capacity,

17    as they have not engaged in any conduct that violated the

18    plaintiffs' rights.

19         As far as the court can see, the only affirmative

20    conduct by any defendant was Governor Gavin Newsom's enactment of

21    AB 2098.  However, a governor cannot be held liable for the

22    passage of a law, which is subject to absolute legislative

23    immunity.  See Bogan v. Scott-Harris, 523 U.S. 44, 54-55 (1998)

24    ("[a]bsolute legislative immunity attaches to all actions taken

25    in the sphere of legitimate legislative activity," and "a

26    Governor's signing or vetoing of a bill constitutes part of the

27    legislative process") (quotation marks omitted).

28         When questioned about their proposal to amend the

1   complaint at oral argument, plaintiffs' counsel was unable to
2   explain to the court what facts they would allege to support a
3   claim against defendants in their individual capacity.  Because
4   there does not appear to be any set of facts that plaintiffs
5   could allege to support a claim against defendants in their
6   individual capacity, the court will deny the Høeg plaintiffs'
7   request for leave to amend as futile.  See Missouri ex rel.
8   Koster v. Harris, 847 F.3d 646p, 655–56 (9th Cir. 2017).

9        IT IS THEREFORE ORDERED that defendants' motions to
10  dismiss both actions (Høeg Docket No. 63; Hoang Docket No. 52)
11  be, and the same hereby are, GRANTED.  The pending motion for
12  summary judgment in the Høeg matter (Høeg Docket No. 48) is
13  DENIED AS MOOT.  The Clerk of Court is directed to close both
14  cases.

15  Dated:  April 2, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

16
17
18
19
20
21
22
23
24
25
26
27
28

10